

PM: USAO # 2024R00140

FILED _____ ENTERED
LOGGED _____ RECEIVED

MAY 14 2026

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** |
| | * | SAG 26cr 167 |
| **v.** | * | **(Wire Fraud, 18 U.S.C. § 1343,** |
| | * | **Aggravated Identity Theft, 18 U.S.C.** |
| **DERRICK STEWART,** | * | **§ 1028A(a)(1), (c)(5); Theft of Mail** |
| | * | **Matter by Postal Service Employee,** |
| **Defendant.** | * | **18 U.S.C. § 1709; Forfeiture, 18 U.S.C.** |
| | * | **§ 981(a)(1)(C), 21 U.S.C. § 853(p), 28** |
| | * | **U.S.C. § 2461(c))** |
| | * | |
| | * | |
| | * | |

\*\*\*\*\*

## INFORMATION

### COUNT ONE
### (Wire Fraud)

The United States Attorney for the District of Maryland charges that:

### Introduction

At times relevant to this Information:

1.      Defendant **DERRICK STEWART ("STEWART")** was an employee of the United States Postal Service ("Postal Service") from 2014 through 2024.

2.      **STEWART** was employed as a Mail Processing Clerk at the Processing and Distribution Center located in Baltimore, Maryland.  His duties and responsibilities included sorting outgoing and incoming mail.

3.      Identity Theft Victim # 1, Identity Theft Victim # 2, Identity Theft Victim # 3, and Identity Theft Victim # 4 were real persons residing in Maryland, and the intended recipients of mailings sent via U.S. mail through the Baltimore Processing and Distribution Center.

4.    **STEWART** was the sole account holder on a Navy Federal Credit Union ("NFCU") account ending in 5033 ("NFCU 5033").

5.    The computer servers for NFCU were located outside of Maryland.

### The Scheme to Defraud

6.    Beginning in or about September 2022 and continuing to December 2023, in the District of Maryland and elsewhere,

### DERRICK STEWART,

the defendant herein, did knowingly devise and intend to devise a scheme and artifice to defraud NFCU, JPMorgan Chase Bank, and multiple identity theft victims, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, to wit: **STEWART** falsely and fraudulently endorsed stolen checks using the name and purported signature of identity theft victims when depositing the checks into his personal bank accounts ("the scheme to defraud").

### The Object of the Scheme to Defraud

7.    It was the object of the scheme to defraud for **STEWART** to personally enrich himself by fraudulently obtaining and attempting to obtain money from checks the Defendant obtained from the stream of mail, and then use the money for his personal use and benefit.

### Manner and Means of the Scheme to Defraud

8.    It was part of the scheme to defraud that **STEWART** used his employment with the Postal Service to access mail that was not addressed to him.

9.    It was further part of the scheme to defraud that **STEWART** selected and obtained mail containing checks from the stream of mail.

10. It was further part of the scheme to defraud that **STEWART** entered a freight elevator at the Processing and Distribution Center and concealed mail on his person.

11. It was further part of the scheme to defraud that **STEWART** exited the Processing and Distribution Center with concealed mail on or about his person.

12. It was further part of the scheme to defraud that **STEWART** embezzled from the Processing and Distribution Center mail containing checks totaling more than $550,000.

13. It was further part of the scheme to defraud that **STEWART** opened the embezzled mail and stole the checks contained therein.

14. It was further part of the scheme to defraud that **STEWART** endorsed the checks to himself, wrote the name, and forged the signatures of identity theft victims who were the stated payees on the checks.

15. It was further part of the scheme to defraud that **STEWART** deposited the fraudulently endorsed checks into bank accounts in Maryland that **STEWART** controlled, thereby causing interstate wires that began in Maryland.

### THE CHARGE

16. On or about October 9, 2022, in the District of Maryland and elsewhere, the Defendant,

**DERRICK STEWART,**

for the purpose of executing, and attempting to execute, the scheme to defraud described above, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain writings, signs, signals, pictures, and sounds, to wit: the deposit of KeyBank check number 39842385, which had been issued to Identity Theft Victim # 4 in the amount of $3,333.33,

into NFCU 5033, resulting in an interstate wire communication from Maryland to a location outside of Maryland.

18 U.S.C. § 1343

## COUNT TWO
### (Aggravated Identity Theft)

The Unites States Attorney for the District of Maryland further charges that:

1.    Paragraphs 1 through 5 of Count One of this Information are incorporated here.

2.    On or about October 9, 2022, in the District of Maryland and elsewhere,

**DERRICK STEWART**,

the defendant herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another real person, to wit: the name and forged signature of Identity Theft Victim # 4, knowing that the means of identification belonged to another actual person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(5), that is Wire Fraud, 18 U.S.C. § 1343, as set forth in Count One of this Information.


18 U.S.C. § 1028A(a)(1)

## COUNT THREE
### (Theft of Mail Matter by Postal Service Employee)

The Unites States Attorney for the District of Maryland further charges that:

1.      Paragraphs 1 and 2 of Count One of this Information are incorporated here.

2.      **STEWART** received notice that mail theft was a crime.

3.      During the time period 2022 to 2023, on multiple occasions, **STEWART** used his position as a Postal Service employee to obtain mail containing checks from the stream of mail. **STEWART** then exited the Processing and Distribution Center with concealed mail on or about his person.

4.      On or about December 2, 2023, **STEWART** was found with more than $700,000 in mail containing checks issued to various payees on and about **STEWART's** person.

5.      On or about December 2, 2023, in the District of Maryland,

## DERRICK STEWART,

the defendant herein, being a Postal Service employee, did embezzle mail and its contents, which had been entrusted to him and which came into his possession intended to be conveyed by mail, and carried and delivered by any carrier or other person employed in any department of the Postal Service.

18 U.S.C. § 1709

## FORFEITURE ALLEGATION

The Unites States Attorney for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction of the offense charged in Count One of the Information.

### Wire Fraud Forfeiture

2. Upon conviction of the offense set forth in Count One, the Defendant,

### DERRICK STEWART

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

### Substitute Assets

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to, or deposited, with a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C.

§ 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney        5/14/2026

8